IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CASE NO. 3:14-CR-13-CAR |
| BRYANT TERRANCE COOPER | |

### UNITED STATES' RESPONSE TO MOTION TO EXPUNGE

The United States of America, by and through its attorney, the Acting United States Attorney for the Middle District of Georgia, hereby responds in opposition to the *pro se* Motion for Expungement at Document 41.

### Lack of Subject Matter Jurisdiction

Before addressing the merits of any petition by a party, the Court must first determine whether subject matter jurisdiction exists. The subject matter jurisdiction of Federal courts is limited by powers authorized in the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). While federal statutes authorize the expunction of certain types of information[1] under specified circumstances, no applicable statute authorizes district courts to order the expunction of judicial or agency records as sought by the generalized nature of the defendant's request. Absent specified subject matter jurisdiction, the defendant's motion is relegated to consideration under ancillary jurisdiction. *Kokkonen* at 379-80.

### Lack of Ancillary Jurisdiction

The defendant's motion also falls outside the Court's ancillary jurisdiction. The Supreme Court clarified the limits of a district court's "ancillary jurisdiction," when establishing the two-

---

[1] *E.g.*, 5 U.S.C. § 552a(d), 552a(g)(1)(C) (allowing claims to amend inaccurate public records); 10 U.S.C. § 1565(e) (DNA records in military cases); 18 U.S.C. § 3607 (criminal records in certain drug cases); 21 U.S.C. § 844a(j) (civil penalty records in certain drug cases); 34 U.S.C. § 12592(d) (FBI DNA records).

1

part test in *Kokkonen*: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its degrees." *Id.* at 379-80 (citations omitted). That is because courts "possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." *Id.* at 377.

Courts that have taken up the issue of expunction in criminal matters overall agree that once a criminal matter is complete, there is no need for the court to expunge records in order to "manage its proceedings, vindicate its authority, and effectuate its decrees" under *Kokkonen*, except where equity is invoked to address damages to the defendant.[2] Those limited grants of ancillary jurisdiction have been invoked to expunge judicial records where the case involves "an unlawful arrest, an unlawful conviction, or a clerical error"[3] or in "extraordinary cases" to "correct an injustice caused by an illegal or invalid criminal proceeding."[4] No such basis exists in equity for this defendant, who was lawfully charged[5] and whose indictment was dismissed without prejudice[6] upon the motion of the United States[7], which noted he had also been indicted for child exploitation charges in the neighboring Northern District of Georgia and deferred to the disposition of the defendant's crimes in that jurisdiction.

Even if the Court's ancillary jurisdiction existed in this matter, the movant fails to meet his burden on the merits. Defendant's brief *pro se* motion at Document 41 asserts a mere request. In

---

[2] *United States v. Wahi,* No. 11-30043, 2015 U.S. Dist. LEXIS 44513, at *6 (C.D. Ill. Apr. 6, 2015). Moreover, the First, Third, Sixth, Eighth, and Ninth Circuits agree and hold that a federal court lacks jurisdiction to expunge criminal records based *solely* on equitable grounds. *See United States v. Coloian*, 480 F.3d 47, 52 (1st Cir. 2007); *Doe v. United States*, 833 F.3d 192, 199 (2d Cir. 2016) *cert. denied*, 137 S. Ct. 2160 (2017); *United States v. Dunegan*, 251 F.3d 477, 479 (3d Cir. 2001); *United States v. Field*, 756 F.3d 911, 916 (6th Cir. 2014); *United States v. Meyer*, 439 F.3d 855, 859–60 (8th Cir. 2006); *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000).
[3] *United States v. Wahi* at *6.
[4] *United States v. Meyer*, 439 F.3d 855, 856, 861 (8th Cir. 2006).
[5] Doc. 5, an indictment on three counts of Coercion and Enticement of a Minor to Engage in Sexual Activity under 18 U.S.C. 2422(b).
[6] Doc. 37.
[7] Docs. 35, 37.

his motion, even under a liberal construction afforded *pro se* litigants[8], defendant does not assert any specific statutory or equity grounds to support why this Court should take the extraordinary step of expungement under either form of jurisdiction. Moreover, defendant is currently serving a mandatory minimum sentence of 15 years' imprisonment under the terms of his guilty plea in the Northern District of Georgia to enticement of a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a).[9] Given the length of his sentence levied in only 2017, it is unlikely this defendant has experienced prejudice or damages that could invoke equitable remedy, even if articulated.

The United States therefore requests this court deny Defendant's Motion for Expungement. Respectfully submitted, this 21st day of January, 2021.

        PETER D. LEARY
        ACTING UNITED STATES ATTORNEY
        MIDDLE DISTRICT OF GEORGIA

BY:   */s/ Lyndie M. Freeman*
       LYNDIE M. FREEMAN
       Assistant United States Attorney
       Georgia Bar No. 119499
       United States Attorney's Office
       Middle District of Georgia
       P.O. Box 1702
       Macon, Georgia 31202
       Telephone: (478) 752-3511
       E-mail: lyndie.freeman@usdoj.gov

---

[8] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).
[9] NDGA Case 15-CR-223, Doc. 79.