# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| **BRYANT TERRANCE COOPER,** | : | |
| Movant, | : | |
| v. | : | Criminal No. 3:14-CR-13-CAR-CHW |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent. | : | |

## ORDER ON MOTION TO ALTER OR AMEND JUDGMENT AND MOTION TO APPOINT COUNSEL

Before the Court is Movant Bryan Terrance Cooper's "Motion for Reconsideration" of this Court's Order [Doc. 52] adopting the Magistrate Judge's Recommendation [Doc. 51] to dismiss Cooper's Motions [Docs. 41, 50] to expunge and vacate his arrest records. Because it was filed within 28 days of the entry of judgment, Cooper's motion is construed as a Motion to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Embedded in this Motion is a Motion to Appoint Counsel. After carefully considering Cooper's arguments, the Court **DENIES** both Motions [Doc. 53].

1

"A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to entry of judgment," but must be based either on newly discovered evidence or on a showing of manifest errors of law or fact.[1] Cooper has shown neither.

The Magistrate Judge found the Court lacked subject matter jurisdiction to vacate, set aside, or expunge his arrest records. The Magistrate Judge reasoned that to the extent Movant sought relief under 28 U.S.C. § 2241 or § 2255, the charges brought against him were dismissed on August 5, 2015. Because Cooper was not in custody pursuant to any order or judgment entered in this action, the Court lacks jurisdiction to entertain the Motion.[2]

Cooper did not object to the Magistrate Judge's Recommendation within the time allowed, and thus this Court reviewed it for clear error. While Cooper describes his efforts to rehabilitate himself while in prison in the present Motion, he does not raise any new arguments about why the Court has subject matter jurisdiction to expunge his record or any equitable basis for doing so if the Court did. Thus, the Court **DENIES** his Motion for Reconsideration.

---

[1] *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).
[2] *See Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court also denies Cooper's Motion to Appoint Counsel as moot. As previously stated, the Court lacks jurisdiction to entertain Cooper's Motions. Without jurisdiction, the Court is unable to appoint counsel to represent Cooper in this Motion. Therefore, Cooper's Motion to Appoint Counsel is **DENIED as moot**.

**SO ORDERED,** this 28th day of September, 2021.

                                      s/ C. Ashley Royal_____
                                      C. ASHLEY ROYAL, SENIOR JUDGE
                                      UNITED STATES DISTRICT COURT